IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID A. MORRIS                                                                         PLAINTIFF

v.                                 CIVIL NO. 18-02209

ANDREW SAUL[1], Commissioner                                       DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, David A. Morris, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claim for supplemental security income ("SSI") benefits under the provisions of Title XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application on July 9, 2015. (Tr. 10). In his application, Plaintiff alleged disability beginning on September 13, 2007, due to: left leg fourth-degree burn with a skin graft from knee to ankle; social anxiety; seizures; arthritis in his knee, ankle, and hip; depression; headaches; and a back injury. (Tr. 10, 369). An administrative hearing was held on February 13, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 36-58). At that hearing, Plaintiff amended his alleged onset date to July 9, 2015. (Tr. 39).

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated May 7, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: panic disorder with agoraphobia; seizure disorder; and history of left leg burn with grafting. (Tr. 12-13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14-15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b), except he must avoid all exposure to hazards such as dangerous machinery and unprotected heights. He can perform work where interpersonal contact is incidental to the work performed, e.g. assembly work, and where the complexity of tasks is learned and performed by rote with few variables and little judgment. The supervision required is simple, direct and concrete.
> (Tr. 16-21).

The ALJ found Plaintiff had no past relevant work but would be able to perform the representative occupations of content inspector, warehouse checker, or merchandise marker. (Tr. 21, 22).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in not finding his neck and back conditions to be severe at step two; and 2) Whether the ALJ erred by failing to consider the effects of all impairments, including pain, in the RFC determination. (Doc. 14). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 25th day of November 2019.

    /s/ *Erin L. Wiedemann*
    HON. ERIN L. WIEDEMANN
    UNITED STATES MAGISTRATE JUDGE